Sybil M. ALFORD, Plaintiff-Appellant,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 81–3740.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1982.

---

Bachmann, Weltchek & Powers, Stephen Richard, Bachmann, New Orleans, La., for plaintiff-appellant.

John Volz, U.S. Atty., Elizabeth A. O'Connell, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before GARZA, TATE and WILLIAMS, Circuit Judges.

PER CURIAM:

In 1981 Sybil M. Alford filed suit in the United States District Court against the United States of America for $10 million. She alleged that between 1967 and 1971 the government, through the Federal Bureau of Investigation, conducted investigations and surveillances of her in connection with her purported involvement in subversive activities. She charges the activities of the FBI were a violation of her constitutional rights under the Fourth and Fifth Amendments.

These facts reveal that we are faced here with a *Bivens*-type claim against the Federal Bureau of Investigation. These claims have no statutory foundation and are based solely upon the assertion that federal agents directly interfered with the constitutional rights of the plaintiff filing the claim. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The district court dismissed the action on the ground that the Louisiana state prescriptive statute applied, and the one-year provision was the one applicable. We affirm.

Because this is a non-statutory cause of action, we cannot find in the federal law a specific statute of limitations to govern this kind of case. To the contention of appellant that we should establish a uniform federal statute by judicial decision, we reply that this argument has already been rejected by this Court. Our decision in this case is controlled by the prior authority of *United Klans of America v. McGovern*, 621 F.2d 152 (5th Cir.1980). In that case, we held that a *Bivens*-type action against agents of the Federal Bureau of Investigation is controlled by the applicable state statute of limitations.

We look then to the Louisiana prescription statutes. Appellant urges that the catch-all statute setting a prescriptive period of ten years applies. L.C.C. art. 3544. We are in agreement with the district court, however, in holding that the one-year prescriptive statute, L.C.C. art. 3536, is applicable to this claim. That provision is applicable to actions " . . . resulting from offenses or quasi-offenses." The general wrongs, not sounding in contract, which are committed by persons against other persons are clearly intended under Louisiana law to be covered by the one-year prescriptive period. This action claiming constitutional wrongs by agents of the FBI fits into that statutory mandate. The Louisiana statute does not make a distinction between wrongs grounded in constitutional rights and other wrongs committed by one person against another. *O'Sullivan v. Felix*, 233 U.S. 318, 323, 34 S.Ct. 596, 598, 58 L.Ed. 980 (1914). *Proctor v. Flex*, 567 F.2d 635, 636 (5th Cir. 1978). See also the recent decision of this Court in *Hurie Jones v. Orleans Parish School Board*, 688 F.2d 342, 344 (5th Cir. 1982), in which on rehearing we withdrew our earlier opinion and held that the Louisiana one-year prescription applied to an alleged wrong committed against a public school teacher by the Louisiana officials who were his employer.

We conclude, therefore, that prescription had run before the filing of appellant's claim against the government officials for alleged unconstitutional acts of investigation and surveillance. The district court having so held, the holding is

AFFIRMED.