IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50644

_____

SAMUEL FIACRO PEÑA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

October 7, 1998

Before JOLLY, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Samuel Peña, a prisoner, filed a motion on March 25, 1996, under Federal Rule of Criminal Procedure 41(e)[1] seeking the return of certain property that the United States seized from his

_____

1.  Rule 41(e) provides:
A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated as a motion to suppress under Rule 12.

home. On August 6, 1996, the United States responded to the motion by stating that the property seized from Peña's home had been destroyed. Two days later, the United States District Court for the Western District of Texas dismissed the action as moot without giving Peña a chance to respond or to amend his pleadings. Proceeding *pro se* and *in forma pauperis*, Peña appealed the dismissal to this Court and, for the first time on appeal, requested money damages to compensate him for his property loss. Without reaching the merits of the action, we held that, because Peña's motion was a civil action, he was subject to the Prison Litigation Reform Act of 1995. *See Peña v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997). We remanded to the district court so that Peña could seek the necessary leave to proceed on appeal *in forma pauperis*. With respect to all other issues we retained jurisdiction and held Peña's appeal in abeyance. *See id.* at 5. Peña now comes before us *pro se*, but no longer *in forma pauperis*.

I

In June 1994, federal officers, acting pursuant to a warrant, searched Peña's San Antonio home for evidence of drug trafficking. Peña was at the time in custody in Ohio on drug trafficking charges. During their search, the federal officers seized numerous items, including, Peña alleges, his legal and personal records, photographs, wallet and currency, birth certificate, and driver's license. The government, without explanation, later destroyed the items it had taken from Peña's home.

II

This appeal asks us to decide whether money damages will lie under Rule 41(e). We begin by noting, as we did in our earlier opinion, *see Peña*, 122 F.3d at 4 n.2, that several circuits have held or implied that a movant such as Peña may seek damages under 41(e) if the government has destroyed his property.[2] At first blush, the reason for such a holding is as clear as it is sound: "When a citizen has invoked the jurisdiction of a court by moving for the return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct. The government should not at one stroke be able to deprive the citizen of a remedy and render powerless the court that could grant the remedy." *United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir. 1987). Notwithstanding this argument and the authority of our sister circuits, however, we cannot agree that a court may award money damages under Rule 41(e).

Peña has named the United States as the defendant in his case. The principle of sovereign immunity protects the federal government from suit except insofar as that immunity is waived. A waiver must be unequivocally expressed in statutory text and will

---

2. *See, e.g.*, United States v. Kanasco, Ltd., 123 F.3d 209, 210 n.1 (4th Cir. 1997) ("Simply because the government destroys or otherwise disposes of property sought by the movant, the motion is not thereby rendered moot."); United States v. Solis, 108 F.3d 722, 722–23 (7th Cir. 1997) (citing *Mora* with approval); Mora v. United States, 955 F.2d 156, 159 (2d Cir. 1992) ("The government suggests . . . that since it is without possession of appellant's property his claim is moot. Quite the contrary."); United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987) (explicitly declining to follow district court cases that hold that damages are unavailable in a proceeding based on a motion for return of property).

not be implied. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996) (citations omitted). Rule 41(e) makes no provision for monetary damages, and we will not read into the statute a waiver of the federal government's immunity from such damages. Numerous Supreme Court decisions hold that courts should construe statutes against waiver unless Congress has explicitly provided for it. *See, e.g.*, *Lane*, 116 S. Ct. at 2097 (refusing to allow monetary damages under § 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, where the relevant statutory provisions failed to provide the "clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages"); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014-15 (1992) (holding that although the contemporary § 106(c) of the Bankruptcy Code waived sovereign immunity, "it fail[ed] to establish unambiguously that the waiver extend[ed] to monetary claims"). However compelling his case, Peña may not maintain a suit against the United States for monetary damages under Rule 41(e).

### III

Nonetheless, we cannot stop at affirming the district court's decision. Peña, a *pro se* party, had no opportunity to amend his pleadings before the district court properly denied his 41(e) motion for return of property. Peña had filed a motion describing the deprivation of his personal property, which when combined with the government's assertion that it had destroyed

4

the property, presented the facts necessary for an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Under Federal Rule of Civil Procedure 15(a), Peña could have amended his pleadings to state that *Bivens* complaint. Our affirming the denial without leave to amend would have the same effect as a 12(b)(6) dismissal of a *pro se* complaint.[3] That is, the district court denied Peña's motion on August 8, 1996, making that the latest possible date upon which Peña could first have become aware that the government had destroyed his property. As the statute of limitations on a *Bivens* claim would be two years, *see Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (stating that the applicable state statute of limitations governs in a *Bivens* action); *Aggartwal v. Secretary of State*, 951 F. Supp. 642, 649-50 (S.D. Tex. 1996) (applying Texas's two-year statute of limitations to a *Bivens* action), Peña could not file an original *Bivens* action today. Under Federal Rule of Civil Procedure 15(c)(2),however, the amendments Peña makes to his pleadings will relate back to the date of the original pleading,[4]

---

3. Because such dismissals are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972) (reversing 12(b)(6) dismissal of complaint where it did not appear beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (noting that a district court generally errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend).

4. Rule 15(c)(2) states: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted

filed in March 1996, and Peña will have the opportunity to seek redress for his loss.

IV

Accordingly, the order of the district court denying Rule 41(e) relief is affirmed and the matter is returned to the district court for proceedings not inconsistent with this opinion.

---

to be set forth in the original pleading . . . ." Although Peña's original motion made no reference to the government's destruction of his property, it referenced the conduct that would underlie a *Bivens* action--i.e., the government's depriving him of his lawful property.