IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30314
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    VERSUS

            ALDOLPHUS WILSON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 92-CR-214-F
--------------------

August 19, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Aldolphus Wilson, federal prisoner # 22996-034, has appealed the district court's denial of relief relative to his Fed. R. Crim. P. 41(e) motion for the return of, or compensation for, his property which allegedly was seized in connection with his arrest in 1992 for drug-trafficking offenses.

    The district court held that Wilson's claims relative to $100,102.67 and a Volvo automobile, which were declared forfeited,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are barred by laches.  We AFFIRM this ruling, substantially for the

reasons adopted by the district court.  See <u>United States v.</u>
<u>Wilson</u>, No. 92-CR-214 (E.D. La. Jan. 29, 1998).

The district court held that Wilson was not entitled to relief on his claims respecting other property, which allegedly was seized from him but not declared forfeited.  Wilson contends that he is entitled to monetary damages because the Government no longer is able to return this property to him.  Such a remedy, however, is foreclosed by sovereign immunity.  <u>Peña v. United States</u>, 157 F.3d 984, 986 (5th Cir. 1998).

The court remanded Peña's case to allow him to amend his pleadings to state claims under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).  <u>Peña</u>, 157 F.3d at 987.  In Wilson's case, that remedy is barred by the one-year statute of limitations applicable to <u>Bivens</u> actions in Louisiana.  See <u>Alford v. United</u>
<u>States</u>, 693 F.2d 498, 499 (5th Cir. 1982).

JUDGMENT AFFIRMED.