IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11357
Conference Calendar

_____

SHELBY LEE DANIELS,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-322-G
- - - - - - - - - -
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Shelby Lee Daniels, federal prisoner # 22481-077, appeals the district court's denial of his motion to amend his complaint, as well as the court's dismissal of his 28 U.S.C. § 1331 action seeking restitution for the seizure and forfeiture of a 1977 Mercedes Benz.  The district court held that the United States of America was entitled to sovereign immunity.

    Daniels contends that he was not given the opportunity to amend his pleadings to state a cause of action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 388 (1971). However, Daniels never filed an amended complaint pursuant to FED. R. CIV. P. 15(a), and his motion to amend did not comply with the local rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). Additionally, any amendment of Daniels' complaint to allege a Bivens action would have been futile given that it would not have been timely. See Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998).

Daniels also argues that the district court did not address his due process claim. Even if Daniels could show a due process violation, he would not be able to recover money damages from the United States due to its sovereign immunity. See Pena, 157 F.3d at 987. Daniels has abandoned any challenge to the district court's finding that the Government is protected by sovereign immunity by failing to raise or brief this issue on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.