IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30054
Summary Calendar
_____

YORAM RAZ,

                                        Plaintiff-Appellant,

versus

J.R. OAKES; TED BARBE; JULIA E. BLEWER;
COOK, YANCEY, KING & GALLOWAY; U.S. MARSHAL SERVICE;
KARLA COOPER; MICHAEL J. MORIARTY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-399
--------------------
September 5, 2002
Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Yoram Raz, a frequent filer of pro se federal litigation in
the Western District of Louisiana, appeals the district court's
dismissal of an action brought against the U.S. Marshal Service
(USMS), individual deputy marshals, and a private lawyer and her
firm who were representing Raz's opponent in another federal
civil rights case (the Storey action).  The lawsuit consists of

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims under the Privacy Act, 5 U.S.C. § 551a, and <u>Bivens v. Six Unknown Named Fed. Agents</u>, 403 U.S. 388 (1971). Raz also asserted that the USMS concealed documents Raz had requested through the Freedom of Information Act (FOIA).

Raz's claims are related to what he contends is a long-lasting and pervasive conspiracy involving the FBI, these defendants, and many others, to spy on, harass, and persecute him for no apparent reason. The claims more directly arise from the defendants' actions after Raz made an unannounced appearance in the chambers of the late Chief Judge Henry Politz and attempted to partially disrobe in order to show the court's staff injuries allegedly inflicted by the <u>Storey</u> defendants. The district court dismissed all of Raz's claims on the defendants' motions to dismiss under FED. R. CIV. P. 12(b)(6) or for summary judgment under FED. R. CIV. P. 56.

Raz contends that he was denied due process because the district court failed to afford him an opportunity to file objections after the entry of the memorandum ruling and before the entry of final judgment. Raz refers to the requirements of 28 U.S.C. § 636(b)(1)(C) that apply when a magistrate judge issues a report and recommendation. Those requirements are inapplicable in this case because the district judge ruled directly on the motions for summary judgment after giving Raz ample opportunity to oppose the motions, which Raz did.

Raz contends that the district court's ruling is invalid because it was based on the original complaint rather than the amended complaint. However, the district court stated that it did examine Raz's amended complaint in reaching its decision, even though the amended complaint was not substantially different from the original. If there was any error, it was harmless.

Raz complained that the USMS violated the Privacy Act, 5 U.S.C. § 552a(b), by disclosing to the FBI and to a private-lawyer defendant records of the investigation of the incident in the judge's chambers. Raz has briefed only whether the disclosure to the private defendant was "intentional and willful" so as to establish liability under the Privacy Act. See 5 U.S.C. § 552a(g)(4); Johnson v. Department of Treasury, I.R.S., 700 F.2d 971, 982 (5th Cir. 1983). Raz presented no summary-judgment evidence to contest a USMS affidavit stating that the disclosure was merely negligent and not willful or intentional. Moreover, Raz did not adduce any summary-judgment evidence indicating that he suffered any "actual damages" as a result of the disclosure. See Johnson, 700 F.2d at 972.

Raz argues on appeal that the USMS violated the FOIA by concealing his USMS investigation file. The record shows that Raz eventually received the file, albeit through another defendant. Once Raz obtained the record, his FOIA claim for its production became moot. See Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir. 1980). Raz's challenge to the timeliness of the

disclosure likewise was mooted by the production of the records. See Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993).

The district court correctly held that Raz's Fourth and Fifth Amendment claims arising from the search following his visit to the judge's chambers were time-barred under the one-year limitation period applicable to Bivens actions in Louisiana. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). If it is assumed that Raz raised a contested issue of fact as to the timing of his knowledge of the copying of certain items seized in the search, he has nonetheless failed to articulate any cognizable theory of recovery or constitutional violation, particularly in light of his failed Privacy Act claim.

Raz contends that the district judge should have been recused on grounds of bias. His arguments are based on adverse rulings which, without more, alone do not call into question the district judge's impartiality. See Liteky v. United States, 510 U. S. 540, 550-51 (1994); United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997); United States v. Mizell, 88 F.3d 288, 300 (5th Cir. 1996). We decline to consider other recusal arguments raised for the first time on appeal. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000). We also decline to consider arguments that Raz attempts to adopt by reference to pleadings filed in the district court. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Raz asserted various claims of impeded access to the courthouse based on broad allegations of harassment, insults, threats, humiliation, intimidation, and excessive security checks by mostly unnamed court security personnel. He complained that these acts prevented him from concentrating in the court library, degraded his status in the eyes of court personnel, and will prejudice him before a jury if he ever goes to trial. Raz does not assert that any specific named defendant committed any particular act. Rather, he alleges "elaborate schemes of covert surveillance and sting-operations." Raz's only specific allegation is that two U.S. Marshals responded "harshly" to his complaints about court security surveillance.

Raz's claims fail because he has not alleged acts that amount to a constitutional violation, and because he has not carried his summary-judgment evidentiary burden of showing a contested issue of material fact. The federal defendants filed affidavits attesting that they have not prevented Raz from entering or using the court house. In response, Raz relied on his pleadings and offered only unsupported conclusions of wrongdoing without showing that any defendant prevented him from entering or moving about the court house or from filing or pursuing any legal remedy. His unsupported conclusions and mere speculation do not forestall summary judgment. Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 1999).

In addition, the federal defendants were protected from suit under the qualified-immunity doctrine because their actions were objectively reasonable in light of their duty to protect court personnel and property and the information possessed by the officers concerning the incident in the judge's chambers. See Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Raz did not brief issues pertaining to the district court's dismissal of the invasion-of-privacy claims brought against all federal and private defendants under Bivens and the Privacy Act. In addition, he made only passing references in his appeal brief to the general conspiracy claim against the private lawyer defendants. Raz waived appeal of all of these issues by failing to brief them. See Yohey, 985 F.2d at 225. Further, Raz's passing references to the private defendants in his brief are mere conclusions and speculation about the broad and pervasive conspiracy Raz believes is targeting him and which may aptly be characterized as fanciful, fantastic, and delusional. See Michaels, 202 F.3d at 754-55 (conclusions and speculation insufficient to defeat summary judgment).

The judgment of the district court is AFFIRMED.

Raz has moved for the recusal of the district judge from all future litigation involving Raz. He has also moved for a change of venue and for an award of the costs of this appeal. These and any other outstanding motions are DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED