# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-30471
Summary Calendar

Charles R. Fulbruge III
Clerk

DONALD PATRICK JOSEPH ADRIAN; JON NORQUIST EFTELAND;
DONALD PAUL ACHOR

Plaintiffs - Appellants

v.

ROBERT B. SELBE, Special Agent Federal Bureau of Investigation;
UNITED STATES OF AMERICA

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-455

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donald Patrick Joseph Adrian, Jon Norquist Efteland, and Donald Paul

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30471

Achor (Appellants) appeal the district court's dismissal of their *Bivens*[1] and Federal Tort Claims Act (FTCA) abuse of process claims as barred by the statute of limitations. Efteland and Achor also appeal the district court's dismissal of their FTCA malicious prosecution claims for failure to state a claim upon which relief can be granted, and Adrian appeals the dismissal of his malicious prosecution claim as time barred. Finding no reversible error, we AFFIRM.

## I. Background

Appellants were the owners of several companies holding a federal government contract. In November 1997, the United States sued the companies and Appellant Adrian for, *inter alia*, violations of the Buy American Act, the False Claims Act, and the Truth in Negotiations Act in connection with the contract. Federal Bureau of Investigation Special Agent Robert Selbe swore an affidavit on November 19, 1997, in support of a warrant for the search of Appellants' companies and the seizure of documents. On November 22, 1997, Selbe also swore a declaration in support of the United States's application for a writ of pre-judgment garnishment of the companies' bank accounts. On January 9, 1998, the complaint against the companies was dismissed pursuant to a consent decree and the complaint against Adrian was dismissed with

---

[1] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

No. 09-30471

prejudice.

Subsequently, in 1998 and 1999, Adrian and the companies filed lawsuits against various defendants—none named here—alleging that the defendants had conspired to bring about a false and malicious lawsuit by the United States against the companies, a "raid" of the companies' facilities, and the termination of the government contract.

Then, in October 2003, the Appellants filed administrative tort claims for abuse of process and malicious prosecution with the FBI, as required by the FTCA, alleging that Special Agent Selbe knowingly made false statements in the affidavit and declaration supporting the search warrant and garnishment. Finally, in October 2004, the Appellants brought the instant suit asserting (1) an FTCA claim for abuse of process due to Selbe's knowingly false declaration, (2) an FTCA claim for malicious prosecution due to Selbe's knowingly false affidavit and declaration, and (3) a *Bivens* claim alleging that Selbe violated the Appellants' Fourth Amendment rights because his knowingly false affidavit lacked probable cause for the search of Appellants' companies, the search was overbroad, and Efteland and Achor were unconstitutionally seized during the search.

The district court granted the Appellees' Rule 12(b)(6) motion to dismiss

No. 09-30471

Appellants' *Bivens* claim as time barred under the one-year statute of limitations, finding that the claim accrued in August 2003 and that Appellants' October 2004 suit, filed more than one year after the accrual date, was untimely. The court also dismissed Efteland and Achor's malicious prosecution claims because they were not named defendants in the government's November 1997 lawsuit against Adrian and the companies, nor did the prior suit result in a favorable termination. Thus, Efteland and Achor could not satisfy the elements of malicious prosecution as a matter of law. As for Appellants' abuse of process claims and Adrian's malicious prosecution claim, the court granted Appellees' Rule 12(b)(1) motion to dismiss or, alternatively, Rule 56 motion for summary judgment, because these claims accrued in 1999 at the latest. Appellants' October 2003 administrative filing with the FBI occurred well beyond the two-year statute of limitations imposed by the FTCA.[2] The instant appeal followed.

## II. Standard of Review

"We review *de novo* a district court's Rule 12(b)(1) (motion to dismiss for lack of subject matter jurisdiction), Rule 12(b)(6) (motion to dismiss for failure to state a claim upon which relief can be granted) and Rule 56 (motion for

---

[2] "It is well-settled that these limitations periods [under the FTCA] are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). Thus, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was appropriate.

No. 09-30471

summary judgment) dispositions, applying the same standards as the district court." *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005) (citation omitted).

### III. Discussion

*A. Statute of Limitations*

1. *Bivens* Claims

The district court found that Appellants' *Bivens* claims were barred by the statute of limitations because the claims accrued in August 2003—more than one year prior to the filing of suit in October 2004—when Appellants received via a Freedom of Information Act (FOIA) request a document alerting them that Selbe knowingly falsified his affidavit. However, Appellants argue that the *Bivens* claims did not accrue until February 2004, when Selbe's affidavit was unsealed and the Appellants became certain that Selbe lied to obtain a search warrant.[3] We agree with the district court.

The statute of limitations for a *Bivens* action is borrowed from state law, *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982), and Louisiana tort law

---

[3] Appellants argue that *all* of the bases for their *Bivens* claims, including their allegations that the search of their companies' facilities was overbroad and that Efteland and Achor were unconstitutionally detained during the search, rest on Selbe's falsification of the affidavit in support of the search warrant. However dubious that proposition, we will assume *arguendo* that the statute of limitations for all of the *Bivens* claims did not commence running until the date the Appellants knew that Selbe intentionally lied in the affidavit, as this does not alter our result.

No. 09-30471

provides a one-year prescriptive period. *Gaspard v. United States*, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983). Federal law, however, determines when a *Bivens* cause of action accrues. *United Klans of America v. McGovern*, 621 F.2d 152, 153 n.1 (5th Cir. 1980). "A cause of action accrues, under federal law, 'when the plaintiff knows or has reason to know of the injury which is the basis of the action;' such knowledge encompasses both "(1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999). Actual knowledge is not necessary, though, for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

By their own admission, Appellants had actual knowledge in August 2003 that Selbe allegedly lied in his affidavit. Paragraph 17 of Appellants' initial complaint states that the "smoking-gun document [the term Appellants use to describe the August 2003 FOIA document] showed that Defendant Selbe knew, when he swore to the Affidavit in support of the search warrant and in the Declaration in support of the application for a prejudgment writ of garnishment, that his statements were false and deceptive . . . ." Thus, Appellants' contention on appeal—that it was only in February 2004 that Appellants knew Selbe

6

No. 09-30471

intentionally falsified his affidavit—rings hollow.  Nonetheless, Appellants further insist that even knowledge of Selbe's intentional falsehoods was insufficient to trigger knowledge of a *Bivens* injury, for only upon reading the affidavit in February 2004 could the Appellants see that, with "falsities" redacted, the affidavit still lacked probable cause.  This argument is also fruitless, for their actual knowledge of Selbe's falsification—which Appellants admitted arose in August 2003—would have reasonably led Appellants to investigate whether the affidavit entirely lacked probable cause.  Consequently, the FOIA receipt in August 2003 triggered the limitations period and Appellants' *Bivens* claims were properly dismissed as time barred.[4]

2. Abuse of Process and Adrian's Malicious Prosecution Claim

The district court also dismissed Appellants' abuse of process claims and Adrian's malicious prosecution claim as time barred, finding that these claims accrued in 1999 at the latest because Appellants had a copy of Selbe's declaration (which formed the basis of the abuse of process claim) as early as

---

[4] Appellants' argument that it was only in February 2004 that Appellants could have pled a *Bivens* claim immune from Rule 11 sanctions also fails.  Appellants' admission in their complaint shows that, as of August 2003, they had "evidentiary support" for the *Bivens* claim. See FED. R. CIV. P. 11(b)(3).  Additionally, because Appellants did not need access to the affidavit, unsealed in February 2004, for the limitations period to commence, Appellants' equitable tolling and equitable estoppel arguments—which turn on the sealing of the affidavit—are inapposite.

No. 09-30471

November 1997 and filed prior lawsuits in 1998 and 1999 alleging that the government's November 1997 suit against Adrian and the companies was falsely and maliciously instigated. The district court refused to exercise subject matter jurisdiction because Appellants did not present their administrative claims to the FBI until October 2003, long after the FTCA's 2-year bar. *See* 28 U.S.C. § 2401(b) (that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Appellants maintain that the prior lawsuits had nothing to do with Selbe's alleged falsification of the affidavit and declaration and that Appellants' currently alleged claims were unknown until they could determine that Selbe had intentionally lied. For purposes of *these* claims, Appellants concede in their brief that the "moment" of actual knowledge occurred in August 2003 with receipt of the FOIA document, rendering the October 2003 administrative filing timely.

Notwithstanding the factual inconsistencies in Appellants' arguments, these claims are likewise barred by the statute of limitations. Contrary to Appellants' suggestion, the law does not require a plaintiff to know with certainty that the elements of a cause of action are legally satisfied before a cause of action accrues. *See Piotrowski*, 51 F.3d at 516 ("A plaintiff need not

No. 09-30471

realize that a legal cause of action exists . . . .").  Rather, a limitations period commences when a plaintiff has knowledge of facts that would prompt a reasonable person to investigate a claim.  In 1997, Appellants had possession of Selbe's declaration and, as admitted in their complaint, they then knew it contained false information.  By 1999, Appellants had filed lawsuits detailing facts which, in their view, supported a claim that the government's November 1997 suit was false and malicious.  Appellants clearly "had knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection [between the injury and Selbe's declaration and affidavit] or (b) to seek professional advice, and then, with that advice, to conclude that there was a causal connection . . . ." *Piotrowski*, 51 F.3d at 516 (quoting *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)).  Because Appellants had enough information in 1999 to warrant inquiry into whether Selbe *knowingly* falsified his affidavit and declaration, the district court correctly found that the October 2003 administrative filing was untimely.

*B. Efteland's and Achor's Malicious Prosecution Claims*

Noting the six elements of a malicious prosecution claim under Louisiana law,[5] as recognized by this court in *Piazza v. Mayne*, 217 F.3d 239, 245 (5th Cir.

---

[5] "Those elements are: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was

No. 09-30471

2000), the district court dismissed Efteland's and Achor's malicious prosecution claims for failure to state a claim because neither one was a defendant in the government's original proceeding against Adrian and the companies. And the extent their malicious prosecution claims derived from ownership interests in the companies named as defendants, the court held that the consent decree settling the government's lawsuit was not the "favorable termination" required to state a cause of action for malicious prosecution. Citing no legal authority, Appellants maintain that the suit against the companies was "basically the same thing" as a suit against Efteland and Achor due to the financial harm they suffered as owners of the now-defunct defendant-companies and as signatories on garnished bank accounts. They explain away the "favorable termination" requirement by noting that the consent decree "garnered really nothing for the government" and was necessary to free up Appellants' frozen financial assets. Creative arguments all, but completely unsupported by law. As Efteland and Achor cannot state a malicious prosecution claim that is "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), we affirm the Rule 12(b)(6) dismissal.

---

defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff." *Piazza*, 217 F.3d at 245.

No. 09-30471

**Conclusion**

For the foregoing reasons, the district court's judgment is, in all respects, **AFFIRMED**.