# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2010

Lyle W. Cayce
Clerk

No. 09-11183

FRANCISCO JARAMILLO-GONZALEZ,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-732

Before BARKSDALE, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Jaramillo-Gonzalez appeals the district court's grant of summary judgment for the Government on his motion for return of property under Federal Rule of Criminal Procedure 41(g). We AFFIRM the district court's grant of summary judgment, VACATE the dismissal with prejudice, and REMAND.

In June 2003, Jaramillo-Gonzalez was arrested for cocaine trafficking. Following the arrest, Drug Enforcement Agency ("DEA") agents executed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search warrant at Jaramillo-Gonzalez's residence.  The agents seized cocaine and heroin, a scale, four address books, pictures, miscellaneous documents, and numerous firearms and ammunition.  In October 2003, Jaramillo-Gonzalez pled guilty to possessing cocaine and heroin with intent to distribute and to possessing a firearm in furtherance of a drug trafficking crime.

Two months after the arrest but before the guilty plea, the DEA sent notice to Jaramillo-Gonzalez of its intent to forfeit four of the firearms.  The notice was sent by certified mail to four different addresses, including the detention facility where he was being held.  The letter was received by the facility, but the evidence is disputed as to whether it was then delivered to Jaramillo-Gonzalez.  He denies ever receiving the notice, but someone did sign his name to a receipt.

The four firearms were declared forfeited in November 2003, and subsequently destroyed.   In July 2006, the scale, address books, and other documents and pictures were destroyed. Two remaining firearms were returned to their owners.

In December 2008, Jaramillo-Gonzalez filed a motion under Federal Rule of Criminal Procedure 41(g) seeking return of all property seized from his residence except for the drugs.  The Government moved to dismiss. It explained that four firearms were forfeited and the others were returned to their owners, while the remaining items were drug-related and had been destroyed pursuant to DEA policy.

The district court, construing the motion to dismiss as one for summary judgment, granted judgment for the Government.  The district court reasoned that sufficient notice had been provided to Jaramillo-Gonzalez prior to the forfeiture and the destruction of some of the weapons.  Further, the remaining items could not be returned because the Government no longer possessed them.  The district court held that because Jaramillo-Gonzalez had not sought any

relief other than return of his property, he would not be given an opportunity at that stage to assert a new claim for monetary damages. This appeal followed.

A grant of summary judgment is reviewed *de novo*. *United States v. Robinson*, 434 F.3d 357, 361 (5th Cir. 2005). "A person aggrieved by . . . the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A court reviews an administrative forfeiture of property only for "failure to comply with procedural requirements or to comport with due process." *United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996).

The Supreme Court has considered what the Government must do to notify an incarcerated person of an administrative forfeiture proceeding. *See Dusenbery v. United States*, 534 U.S. 161 (2002). The Court instructed that actual notice is not required to satisfy due process, but notice must be "reasonably calculated, under all the circumstances, to apprise [interested parties] of the pendency of the action." *Id*. at 173 (internal quotations and citation omitted).

Circuits have advanced differing views on whether notice, properly addressed to a prisoner and sent by certified mail to the facility where he is incarcerated, satisfies *Dusenbery*. The Seventh Circuit's interpretation is that delivery of such notice to the prison discharges the Government's obligation to provide notice of an administrative forfeiture proceeding. *See Chairez v. United States*, 355 F.3d 1099, 1101-02 (7th Cir. 2004). In contrast, the Eight Circuit held "there is no irrebuttable presumption that a prison's internal mail-distribution procedures are reasonably calculated to provide notice, but that the prisoner, as the plaintiff, has the burden to demonstrate that the procedures are inadequate." *Nunley v. Dep't of Justice*, 425 F.3d 1132, 1137 (8th Cir. 2005). The Fifth Circuit has not yet adopted a position.

There is no reason for us to elaborate on our views under *Dusenbery*. This case does not present a factual basis on which any of the suggested standards

would lead us to conclude that the notice did not comply with due process. The Government sent notice of the prospective firearms forfeiture by certified mail to the facility where Jaramillo-Gonzalez was incarcerated. The Government submitted evidence that the notice was received at the prison, and the prison mail delivery logbook indicates it was delivered to the inmate.

Jaramillo-Gonzalez alleges he did not receive the forfeiture notice and that someone else must have signed the mail delivery logbook. It is insufficient merely to deny receipt and suggest someone else must have signed for it. The question is whether sending the notice by certified mail and receiving a signed receipt of delivery were "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action." *Dusenbery*, 534 U.S. at 173 (internal quotations and citation omitted). Jaramillo-Gonzalez has not provided any evidence to undermine the reasonable calculation by the DEA in 2003 that its method of providing notice would apprise him of its planned forfeiture.

As to the remaining items, the Government does not contend it provided Jaramillo-Gonzalez with notice of forfeiture. The Government asserts instead that those items were drug-related and therefore destroyed in accordance with DEA policy. Jaramillo-Gonzalez disagrees that the items were drug-related. Regardless of that dispute, Jaramillo-Gonzalez cannot compel the Government to return property it no longer possesses. *See, e.g., Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Accordingly, summary judgment denying the requested relief of return of the property was correct.

Other relief may be available, though. Jaramillo-Gonzalez may seek monetary damages now that the Government no longer has the property. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He should be given an opportunity to amend his complaint to state a *Bivens* claim. "[A] court should grant a *pro se* party every reasonable opportunity to amend." *Peña*, 157 F.3d at 987 n.3 (citations omitted). Acceptable reasons for denying leave to amend

include "prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

Jaramillo-Gonzalez did not state a claim for monetary damages in his initial Rule 41(g) motion. Such an omission does not bar amendment. Monetary damages are not available under Rule 41(g), making it futile for Jaramillo-Gonzalez to have asserted such a claim. Under similar circumstances, this court has held that a defendant was not on notice of his potential *Bivens* claim until the Government confirmed the items sought to be returned had been destroyed. *Peña*, 157 F.3d at 987.

We AFFIRM the district court's grant of summary judgment as to the return of property, VACATE the dismissal with prejudice, and REMAND for proceedings consistent with this opinion.