# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

No. 18-11480

Frank D. McCollum, III,

*Plaintiff—Appellant*,

*versus*

Gracie G. Lewis, Criminal District Court Number 3;
Jane Doe, Dallas County Sex-Offender Community
Supervisor; Leah McDonald, Dallas County Sex-
Offender Adult Probation Officer; John Wiley Price,
Dallas County Commissioner; Pete Henschel,
Psychologist; Stacy Dupler, Sex Offender Therapist,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2351

Before Owen, *Chief Judge*, and Davis and Dennis, *Circuit Judges*.

Per Curiam:*

The primary question presented in this appeal is whether a judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-11480

in favor of inmate Frank D. McCollum regarding his pro se civil rights claims would necessarily imply the invalidity of the revocation of his community supervision and attendant imposition of a term of imprisonment such that he is estopped from bringing those claims. The favorable termination rule outlined in *Heck v. Humphrey*[1] does not appear to foreclose at least one of McCollum's claims. We therefore affirm the district court's judgment in part and vacate in part, and remand for the district court to determine whether McCollum should be afforded an opportunity to amend his complaint against the sole remaining defendant.

# I

McCollum sued Texas Criminal District Court Judge Gracie Lewis, Dallas County Sex Offender Community Supervision Director Jane Doe, Dallas County Sex Offender Adult Probation Officer Leah McDonald, Dallas County Commissioner John Price, psychologist Pete Henschel, and sex offender therapist Stacy Dupler (collectively, the County), alleging that they failed to accommodate or treat McCollum's mental and physical disabilities while he served a term of community supervision during his deferred adjudication for aggravated sexual assault of a child under the age of fourteen.[2] The state district court revoked that term when it determined that McCollum violated multiple supervision conditions.[3] The court then adjudicated McCollum guilty of the offense and sentenced him to fifteen years of imprisonment.[4] McCollum had pleaded "true" to violating his

---

[1] 512 U.S. 477 (1994).

[2] *See McCollum v. State*, No. 05-15-01056-CR, 2016 WL 8115929, at *1 (Tex. App.—Dallas Oct. 27, 2016, no pet.).

[3] *Id.*

[4] *Id.*

conditions of supervision by failing to pay community supervision and drug testing fees, and by failing to complete community service.[5]  Noting that proof of even a single violation of community supervision sufficed to support revocation, the Dallas Court of Appeals affirmed the judgment, holding that McCollum's pleas of true made revocation proper.[6]  The appeals court also affirmed the district court's finding that McCollum violated the supervision condition requiring him to participate in sex offender treatment.[7]

The "STATEMENT OF CLAIM" section of McCollum's complaint explains that the "substance of this claim is contained in the original writ of mandamus" in Appeal No. 17-11251.  The complaint also refers to a then-pending civil rights case, *McCollum v. Valdez*.[8]  Finally, the complaint refers to an addendum.  That addendum alleged the acts or omissions of each of the listed defendants as follows: Judge Lewis established and perpetuated policies for persons with mental illness and physical disabilities that prevented McCollum from accessing and enjoying services for those in community supervision with mental illness.  Officer McDonald denied modifications to McCollum's community supervision terms and conditions after being notified by the Dallas Veterans Affairs (VA) hospital of his mental illness; denied McCollum access to services and programs for persons in community supervision found to have mental illness; and created a false narrative that McCollum did not have mental illness or other serious health issues.  Community Supervisor Doe enforced McDonald's requirement that McCollum cease and desist claiming mental

---

[5] *See id.*

[6] *Id.* at *2.

[7] *Id.*

[8] No. 3:18-CV-1778-L (BT), 2018 WL 8343675 (N.D. Tex. Dec. 26, 2018).

and physical disability and report to community service on pain of immediate arrest and imprisonment. Commissioner Price established and perpetuated policies and procedures in the assignment and dispatch of community service workers like McCollum with physical and mental impairments that denied them modifications to accommodate their disabilities. Psychologist Henschel established and perpetuated a policy of prohibiting sex offender clients from obtaining treatment at the VA hospital for specific neurological disorders. Finally, therapist Dupler directed McCollum to obtain and take, under pain of discharge from his sex offender therapy program, a selective serotonin reuptake inhibitor—a drug contraindicated by McCollum's treatment program at the VA hospital.

In the writ of mandamus he cites in his complaint, McCollum sought various forms of relief, including relief from the allegedly wrongful revocation of his deferred adjudication community supervision. McCollum described in greater detail the alleged errors of McDonald, Dupler, and others in the reporting and treatment of his mental and physical illnesses, which he alleged ultimately led to the deterioration of his cognitive and psychomotor skills; his inability to comply with the terms of his community supervision; his inability to assist in his own defense during his revocation proceedings; and his inability to understand his pleas of true during those proceedings. In the then-pending civil rights suit McCollum cites, he alleged that he was inadequately treated for medical issues while in prison before his revocation hearing; that the court should have ordered a competency hearing due to his resulting mental state; that he was convicted while he was severely impaired; and that the sheriff had ordered the interception of his grievance forms.

McCollum contends that the County's actions caused "irreparable physical, psychological, and emotional harm." He seeks declaratory and injunctive relief and nominal, compensatory, and punitive damages.

No. 18-11480

The magistrate judge interpreted McCollum's complaint as arising under 42 U.S.C. § 1983 and alleging that the County "established and enforced policies that prevented [McCollum] from obtaining medical treatment for his mental illness and cerebr[a]-vascular dementia, and which ultimately led to the revocation of his community supervision." The magistrate judge determined that a ruling on these claims would necessarily imply the invalidity of the revocation of McCollum's community supervision, adjudication of guilt, and resulting conviction. Thus, *Heck* barred McCollum's claims, warranting their dismissal as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). McCollum objected, arguing that the magistrate judge mischaracterized his contentions; that his claims arose "first and foremostly" under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and that he did not allege that the County's deprivation of medical treatment and denials of modifications to his community service work assignments had a causal relationship with the validity of his underlying conviction and the revocation of his community supervision. The district court overruled McCollum's objections; accepted the findings, conclusions, and recommendation of the magistrate judge; and dismissed the complaint with prejudice as frivolous under § 915(e)(2)(B). McCollum timely filed a notice of appeal.

McCollum contends that his claims were not barred by *Heck* because his complaint did not mention any causal relationship between his claims and his conviction of the underlying charge or the revocation of his community supervision, and because his claims did not relate to or implicate his conviction of the underlying charge or the revocation of his community supervision. We conclude that the district court properly dismissed all but one of McCollum's claims.

5

No. 18-11480

## II

A district court is directed to dismiss a claim by an inmate or in forma pauperis litigant if the complaint is frivolous or fails to state a claim upon which relief may be granted.[9]  This court reviews a district court's dismissal of a complaint as frivolous for abuse of discretion.[10]  "A complaint is frivolous if it lacks an arguable basis in law or fact."[11]  A complaint lacks an arguable basis in law if it is based on an "indisputably meritless legal theory."[12]

"Pro se prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief."[13]  Even liberally construing McCollum's complaint, *Heck* bars most of McCollum's claims.

In *Heck*, the Supreme Court adopted the favorable termination rule, holding that a § 1983 suit must be dismissed if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" and the plaintiff could not show that his conviction or sentence had been invalidated.[14]  In *Wilkinson v. Dotson*,[15] the Supreme Court clarified that a "§ 1983 action is barred (absent prior invalidation)—no matter the relief

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)).

[11] *Id.* (quoting *Berry*, 192 F.3d at 507).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[13] *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976) (first citing *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam); then citing *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976); and then citing *Campbell v. Beto*, 460 F.2d 765 (5th Cir. 1972)).

[14] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[15] 544 U.S. 74 (2005).

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[16]    This court performs a *Heck* analysis by "assessing whether a claim is temporally and conceptually distinct from the related conviction and sentence," and by asking "whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling it into question."[17]

To the extent that McCollum contends that, had he received treatment or accommodations for mental illness, he would not have violated the terms of his supervision, *Heck* bars his claims. Success on his claim for failure to treat or accommodate, in such an instance, would not be independent of the revocation of his supervision.    Because *Heck* determinations are "analytical and fact-intensive,"[18] we analyze each claim in turn.

As mentioned, McCollum alleges that Judge Lewis "denied [him] access to and the enjoyment of the State's continuum of community-based services." McCollum does not specify those services to which he was denied access.    Success on this claim may have no relation to the revocation of supervision. However, this court may affirm on any grounds supported by

---

[16] *Id.* at 81-82 (emphasis in original).

[17] *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (alteration and internal quotation marks omitted) (first quoting *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008); and then quoting *Ballard v. Burton*, 444 F.3d 391, 400-01 (5th Cir. 2006)).

[18] *Strain*, 513 F.3d at 497 (citing *Ballard*, 444 F.3d at 400-01).

the record,[19] and Judge Lewis enjoys absolute judicial immunity from civil suit.[20]  Thus, the district court properly dismissed this claim against Judge Lewis.

*Heck* bars McCollum's claim against Community Supervisor Doe. McCollum alleges that Doe enforced Probation Officer "McDonald's . . . requirements that [McCollum] cease and desist in his claims of mental and physical disability and report to the Decker Building demolition work assignment."  McCollum pleaded true to failing to complete his community service assignments, and this plea served as one of the appeals court's grounds for affirming the state district court's revocation order.[21]  A judgment in McCollum's favor on this claim would imply the invalidity of this ground of revocation and is thus barred.

Likewise, *Heck* bars McCollum's claims against Probation Officer McDonald.  McCollum alleges that McDonald "den[ied] [him] modifications to his community supervision terms and conditions upon being notified that he had been found to be a person with mental illness . . . and did also deny him access to the required continuum of community-based programs and services for persons in community supervision . . . and did also embark on a campaign to create a false narrative that the plaintiff was not a person with mental illness."  McCollum does not specify which terms McDonald failed to modify, but the structure of his complaint suggests that he challenges those conditions enforced by Community Supervisor Doe

---

[19] *Maria S. ex rel. E.H.F. v. Garza*, 912 F.3d 778, 783 (5th Cir.) (summary calendar) (citing *Dr.'s Hosp. of Jefferson, Inc. v. Se. Med. All., Inc.*, 123 F.3d 301, 307 (5th Cir. 1997)), *cert. denied*, 140 S. Ct. 81 (2019) (mem.).

[20] *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

[21] *McCollum v. State*, No. 05-15-01056-CR, 2016 WL 8115929, at *1-2 (Tex. App.—Dallas Oct. 27, 2016, no pet.).

concerning community service work.  Again, this challenge implies that it would have been unlawful for a Texas state court to revoke McCollum's supervision on this ground.  Thus, *Heck* bars this claim.  The same is true for McCollum's claims about being denied access to "the required continuum of community-based programs and services."  In the writ of mandamus McCollum cites in his complaint, he alleges that this very conduct by McDonald led McCollum to involuntarily plead "true" to violating certain terms of his supervision.  By McCollum's own admission, a favorable judgment on this claim would imply the invalidity of the revocation order, grounded, in part, on his plea.

McCollum's claim that Commissioner Price denied him modifications to his community service requirements is likewise barred by *Heck*.  A favorable judgment on this claim would imply the invalidity of his revocation based on his plea of "true" to failing to complete community service.

*Heck* also bars McCollum's claims against Dupler.  McCollum alleges that "Stacy Dupler . . . directed [McCollum] to obtain and take on pain of discharge from his program of sex offender therapy a Selective[ ]Serotonin Reuptake Inhibitor."  Again, the writ of mandamus challenges this very behavior, alleging that Dupler's actions led to McCollum's wrongful revocation and conviction.  Given this challenge, a favorable judgment against Dupler would necessarily imply that McCollum improperly pleaded "true."  Thus, *Heck* bars this claim.

McCollum's claim against psychologist Henschel, though, is not, at least on its face, barred by *Heck*.  McCollum alleges that Henschel "prohibit[ed] sex-offender clients from obtaining treatment and therapy for specific neurological disorders."  It is not necessarily the case that McCollum would not have violated his supervision conditions had Henschel afforded

him treatment. Henschel could have acted unlawfully by denying McCollum treatment, and this unlawfulness is not alleged to have any bearing on McCollum's plea of "true," nor his failure to participate in sex offender treatment. Success on this claim, as presently alleged, does not impugn any of the appeals court's grounds for revoking McCollum's supervision.

The fact that *Heck* does not bar McCollum's claim against Henschel, however, does not necessarily mean that this claim will ultimately survive dismissal. To plead a constitutional claim under § 1983, McCollum must allege that a state actor violated a constitutional right.[22] McCollum's complaint contains no allegation that Henschel is a state actor, and thus would ordinarily be dismissed. But because dismissals of pro se complaints are disfavored, we remand to the district court to determine whether McCollum should be afforded an opportunity to amend his pleading to cure this deficiency.[23]

\*     \*     \*

For the foregoing reasons, we AFFIRM the district court's judgment in part and VACATE in part, and REMAND for the district court to determine whether McCollum should be afforded an opportunity to amend his complaint.

---

[22] *Jackson v. City of Hearne*, 959 F.3d 194, 200 (5th Cir. 2020) (citing *Johnson v. Dall. Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir 1994)).

[23] *See Peña v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998).