**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10306
Summary Calendar
_____


UNITED STATES OF AMERICA
and
TERI M. KREST, Revenue Agent,

Plaintiffs-Appellees,

VERSUS

EDRIS RIGGS WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-0748)

_____

November 28, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Edris Walker, voluntarily proceeding _pro se_, appeals a conviction of criminal contempt under 18 U.S.C. § 401(3). We affirm the conviction and sentence, except that we remand the sentence for reconsideration of the method of payment.

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

I.

Claiming that she is not subject to taxation by the Internal Revenue Service ("IRS"), Walker failed to respond to a collection summons issued by the IRS. The district court ordered her to attend a show cause hearing, but she failed to appear. She then was ordered to show cause why she should not be held in criminal contempt for failure to appear in court. The details of these proceedings and events are comprehensively set forth in the district court's memorandum opinion and order entered March 28, 1995.

II.

In all respects except as to the method of payment, we affirm, essentially on the basis of the district court's memorandum opinion. Walker raises several meritless issues on appeal.

A.

Walker claims there is insufficient evidence to support a finding of contempt. There are three elements to a contempt under § 401(3): a reasonably specific order; (2) violation of it; and (3) a willful intent to violate it. *In re Hipp, Inc.*, 5 F.3d 109, 112 (5th Cir. 1993). There can be little dispute about the first two elements: The order directed Walker to appear at a specific place and time, and she failed to do so.

As to the third element, there is sufficient circumstantial evidence that Walker had notice of the hearing and willfully

2

violated the order by failing to appear. She was aware that she had been served through her husband and deliberately ignored service so she could claim she had no actual knowledge of service. The district court so found in its written order, and the record fully supports that finding. Hence, the evidence is sufficient.

### B.

Walker claims she was arrested without a valid warrant. The fact is, however, that Walker was taken into custody pursuant to a lawful order of the district court entered pursuant to 26 U.S.C. § 7604(b). Accordingly, no other authorization was necessary.

### C.

Walker contends she was unconstitutionally deprived of a jury trial. But as the district court carefully explained to her, there is no right to jury trial for petty offenses. The sentence she receivedSSno incarceration and a fine of $4,000SSis within the definition of petty offense under 18 U.S.C. § 19. Therefore, a bench trial was appropriate.

### D.

Walker avers that the district court erred in conducting a portion of the November 28, 1994, hearing without the presence of a court reporter. Walker did not object at the time, so we review for plain error; there is none. Once the reporter arrived, the district court carefully recited, into the record, what had

3

occurred in the reporter's absence.  Moreover, there is no showing that anything is missing from the record that is pertinent to this appeal.

E.

Walker argues that she had inadequate time to prepare her defense.  She did not object or request a continuance, so we review for plain error.  Walker was given more than thirty days from her arraignment to the contempt hearing.  She has shown no prejudice, and, thus, there is no plain error.

F.

Walker avers that the district court failed to issue findings of fact and conclusions of law.  Assuming, *arguendo*, that the court is required to do so, the record plainly contains the court's fourteen-page memorandum opinion and order that includes findings and conclusions.  There is no error.

G.

Walker claims that the district judge acted as both prosecutor and judge during the contempt proceedings.  The record shows, however, that this proceeding was initiated by the government when it filed application for a show cause order pursuant to FED. R. CRIM. P. 42.  Also, the fact that the district court engaged in questioning during cross-examination does not mean that the judge was acting as a prosecutor.

4

H.

Walker argues that the district judge should have recused himself. This is unnecessary unless the conduct that is the subject of the contempt hearing "is based on disrespect to, or criticism of, the judge personally." *United States v. Time*, 21 F.3d 635, 639 (5th Cir. 1994). There is no such indication here.

For the first time, on appeal, Walker contends that the judge should have recused himself because he is a defendant in a suit she has filed. Because this ground was not raised in the district court, we review only for plain error. A judge is not disqualified merely because a party has sued or threatens to sue him. *Hipp*, 5 F.3d at 116. There is no plain error.

III.

The only meritorious issue Walker raises is that she was ordered to pay the $4,000 fine at once, rather than in installments as she had requested. She argues that in so ordering, the district court did not consider the factors set forth in 18 U.S.C. § 3572(a). Specifically, the statute requires the court to take into account the defendant's income, earning capacity, and financial resources and the burden a fine would impose on the defendant or his family. *See* 18 U.S.C. § 3572(a)(1) and (2).

At the sentencing hearing, the defendant recited the following:

> [S]ince I have had this going on for the last two months and was imprisoned, I came out of prison and had pneumo-

5

nia and I had severe ulcers and I have not been able to
go back to work yet, so I have no income.  My husband has
been out of work, just started work, so we don't have
$4,000 to pay right now.  And I'll need to make some form
of payment arrangements on that . . . .

The court responded, "Very good.  Well, my order stands.  That is
the punishment I'm imposing."  Walker said, "But can I make
arrangements?  Can you put that in?  I have no way."  The court
answered, "No.  I'm not going to discuss arrangements with you, Ms.
Walker.  I'm ordering that be paid immediately."

There is no indication, from this colloquy, that the court
seriously considered the statutory factors.  Accordingly, we remand
so that the court may address this problem in whatever manner the
court, in its discretion, deems appropriate.


                              IV.

In summary, the judgment of contempt is AFFIRMED.  The
judgment of sentence is VACATED and REMANDED for reconsideration in
light of this opinion.