# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2010

Lyle W. Cayce
Clerk

No. 09-20555

UNITED STATES OF AMERICA,

>                   Plainitiff-Appellee,

v.

MARTHA DENISE GONZALES,

>                   Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

Before STEWART, PRADO, and ELROD, Circuit Judges.

PER CURIAM:

At issue is whether the district court plainly erred by ordering Martha Denise Gonzales, upon revocation of her probation, to immediately pay the balance of a previously imposed fine. Based on the record before us, it is unclear whether the district court considered Gonzales's "financial resources," as required by 18 U.S.C. § 3572(a)(1) & (2), in ordering the immediate payment of that fine. Therefore, we REMAND.

In September 2006, Gonzales pleaded guilty, pursuant to a written plea agreement, to one count of aiding and abetting health care fraud in violation of 18 U.S.C. § 1347. In May 2007, the district court sentenced her to five years of

No. 09-20555

probation, with a condition of six months of non-prison confinement, a $5,000 fine, and a $100 special assessment. The district court ordered Gonzales to immediately pay the $100 special assessment and to make monthly payments of $100 on the fine, over a period of 50 months, to commence 60 days after the judgment.

In July 2009, the Probation Office filed a petition to revoke Gonzales's probation based on five violations of her conditions of probation. During the revocation hearing, Gonzales pleaded guilty to the violations, which were two forgeries of financial instruments, theft of property, failure to report to her probation officer, and failure to report her change of address and employment.

At the hearing, the district court revoked Gonzales's probation, and sentenced her to twenty-one months of imprisonment in the custody of the Federal Bureau of Prisons. The district court also noted that there was a $4,000 balance due on her fine and directed the Government "to take judgment, immediate judgment, if you haven't already against Miss Gonzales for that 4,000-dollar judgment." The district court did not impose a new term of supervised release. In the written judgment, the district court ordered Gonzales to immediately pay a lump sum of $4,000. Gonzales timely appealed.

On appeal, Gonzales asserts that the district court plainly erred by ordering her to immediately pay the $4,000, without considering her financial circumstances. This court reviews the district court's order for plain error because Gonzalez did not object before the district court. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). In order to find plain error, an appellate court must find (1) an "error or defect—some sort of '[d]eviation from a legal rule'" that is (2) plain (clear or obvious, rather than subject to reasonable dispute, which (3) "affected the appellant's substantial rights." *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009) (internal citation omitted). The decision to reverse under plain-error review is discretionary, and this court will not correct

2

No. 09-20555

the error unless it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 736 (1993).

District courts are required to consider a defendant's financial resources when determining a schedule for paying a fine. *See* 18 U.S.C. § 3572; *United States v. Walker*, 74 F.3d 1236, 1995 WL 783357, at *2 (5th Cir. Nov. 28, 1995) (unpublished) (remanding case to the district court to consider defendant's financial resources in determining schedule of payment for a fine);[1] *see also United States v. Myers*, 198 F.3d 160, 168-69 (5th Cir. 1999) (holding that, under 18 U.S.C. § 3664, which governs the issuance and enforcement of restitution orders, the district court plainly erred by ordering an immediate lump-sum payment where the defendant had no assets). Section 3572, titled "Imposition of a sentence of fine and related matters," states in relevant part:

> (a) Factors to be considered. --In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)--
>
> > (1) the defendant's income, earning capacity, and financial resources;
> >
> > (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose.

Section 3572(d), titled "Time, method of payment, and related items," also provides that a "person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in

---

[1] Because the court issued this unpublished opinion prior to January 1, 1996, it is precedential. *See* 5TH CIR. R. 47.5.3 (providing that unpublished opinions before January 1, 1996 are precedent).

No. 09-20555

installments." 18 U.S.C. § 3572(d). Therefore, under the plain language of Section 3572, when determining the schedule for payment of a fine, a court must consider a defendant's financial resources, and if it is "in the interest of justice," the court may allow payment in installments.

Even when a court is addressing a revocation situation, the statutory requirement remains the same. *See* 18 U.S.C. § 3572. We do not decide whether the district court plainly erred here, because the record is unclear as to whether the district court, upon revoking probation, considered Gonzales's financial circumstances in ordering the immediate payment of a previously imposed fine.[2] Accordingly, we REMAND so that the district court can clarify whether it had considered Gonzales's financial resources, as required by 18 U.S.C. § 3572, before ordering the immediate payment of the fine.

---

[2] Although the colloquy during the probation-revocation hearing does not show that the district court considered Gonzales's financial resources, we note that the district court had previously sentenced Gonzales, and that the schedule of payments form in the revocation judgment states that the district court "assessed the defendant's ability to pay."