**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Demetrius S. RANKIN, Defendant–
Appellant.**

**No. 10–60077.**

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2010.

Gaines H. Cleveland, Assistant U.S. Attorney, John Arthur Meynardie, Esq., U.S. Attorney's Office, Gulfport, MS, for Plaintiff–Appellee.

John William Weber, III, Assistant Federal Public Defender, Federal Public Defender's Office, Gulfport, MS, for Defendant–Appellant.

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Demetrius Rankin pleaded guilty to possession of a controlled substance and criminal forfeiture pursuant to a plea agreement dated September 19, 2006. The plea agreement included an appeal waiver. Prior to the date of the plea agreement, Rankin was notified of an administrative forfeiture proceeding pertaining to the same property listed in the criminal forfeiture count (the "Property"). Rankin made no claims on the Property in response to the administrative forfeiture notice. From October 31, 2006, until March 19, 2007, items of the Property were administratively forfeited such that by the sentencing hearing of April 17, 2007, all of the Property had been administratively forfeited.

The plea agreement contained a statement to the effect that the property to be forfeited under the criminal forfeiture

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

count "will be negotiated between the parties prior to the date of sentencing. If the parties are unable to agree, the dispute will be presented to the Court through an evidentiary hearing concerning the property at issue." As noted, all such Property had been administratively forfeited by the date of sentencing, leaving nothing remaining for the criminal forfeiture. Despite these events, Rankin made no complaint at the sentencing hearing about the administrative forfeiture or the lack of a hearing on any disagreement.

█ Rankin now contends that the failure to have a hearing over forfeiture of the Property constitutes a breach of the plea agreement. Because Rankin failed to raise this issue at sentencing, we review this matter under plain error review. Under plain error review, the court must find (1) an error, (2) that is clear or obvious, which (3) affected the appellant's substantial rights. *United States v. Gonzales*, 620 F.3d 475, 476 (5th Cir.2010).[1] A determination that the error affected the defendant's substantial rights requires a showing of prejudice; it is not sufficient that the defendant would not have entered the plea had he known about the future violation. *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 1433 & n. 4, 173 L.Ed.2d 266 (2009). Here, even if we assume arguendo that it was error not to hold the hearing and that such error was plain (a dubious proposition at best), Rankin has pointed to nothing to suggest that he had a basis to avoid forfeiture of any of the Property. Accordingly, he fails the plain error test.

The plea agreement also contained a statement that the Government would consider a motion for a downward departure under Sentencing Guideline § 5K1.1 or a sentence reduction under Federal Rule of Criminal Procedure 35(b). The plea agreement expressly reserved the Government's discretion over whether such a motion or motions would be appropriate. At the sentencing hearing, the Government's attorney made statements to the effect that Rankin had cooperated and "is already entitled to some credit."

█ Rankin contends that the Government's subsequent failure to make a § 5K1.1 or Rule 35 motion was a breach of the plea agreement. We conclude that the Government retained discretion on this matter, and the prosecutor's remarks at sentencing do not alter that analysis. *See United States v. Hartwell*, 448 F.3d 707, 719 (4th Cir.2006) (holding that the Government's reservation of sole discretion includes the right to withdraw a prior determination of substantial assistance).[2]

---

1. If these tests are met, the court, in its discretion, will only correct an error which "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Gonzales*, 620 F.3d at 476 (alteration in original).

2. Rankin's final argument regarding the plea agreement is that the Government breached the plea agreement by seeking a sentencing enhancement for firearm possession. The written plea agreement contained no promise to do otherwise, and it states that it "completely reflects all promises, agreements, and conditions made by and between the United States Attorney's Office ... and Defendant."

For Rankin to contradict these assertions now, "there must be independent indicia of the likely merit of petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir.1987); *see also United States v. Cothran*, 302 F.3d 279, 284 (5th Cir.2002) ("[W]e give the statements during the colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions."). As his attorney had to concede at oral argument, Rankin offers no support for finding that the Government agreed not to seek a firearm enhancement. This point is meritless.

Given our disposition of the alleged plea agreement breaches, we conclude that the appeal waiver in the plea agreement should be enforced and, therefore, grant dismissal of the remaining claims on appeal.

Accordingly, this appeal is DISMISSED.