# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2011

No. 10-10286
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACY GLENN HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-162-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tracy Glenn Harris appeals from his conviction of unauthorized use of an access device, pursuant to 18 U.S.C. § 1029(a)(2). Harris challenges the calculation of his sentence, arguing that the district court erred by using the aggregated total credit limits on the credit cards he fraudulently employed. He contends that he did not recklessly endanger the full credit lines of the cards at issue and that he had completed his offense before he was caught by the authorities.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris challenged the use of the aggregate-value methodology in the district court. We review that issue de novo. *See United States v. Harris,* 597 F.3d 242, 251 (5th Cir. 2010). Harris did not contend in the district court that the alleged completion of his offense should have been considered in the deciding the loss calculus issue; we review that contention for plain error. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008).

In *Harris*, we discussed the aggregate-value methodology and the circumstances in which it may be employed. *See Harris*, 597 F.3d at 251-53, 256-57. Applying the principles of that case to our case, we conclude that the methodology was appropriately used. The record in this case indicated that Harris engaged in conduct placing the entire credit lines of cardholders at risk. He obtained replacement credit cards, opened new accounts, obtained cash advances, made fraudulent charges, withdrew cash, and made bogus payments on the accounts he fraudulently obtained. Some of the cards evidently were cancelled before Harris could charge them to their full credit limits. His conduct is similar to that of the defendant in *United States v. Mordi,* No. 92-1675, 1993 WL 152261, **2-4 (5th Cir. Apr. 21, 1993) (unpublished), an unpublished opinion that is precedential because it was decided before January 1, 1996. *See United States v. Gonzales*, 620 F.3d 475, 476 & n.1 (5th Cir. 2010).

Contrary to Harris's current assertion that he had stopped his wrongdoing of his own volition, the evidence suggests that Harris was stopped from using the cards at issue in the loss valuation to their full limits because his fraud was discovered by the card issuer and the cardholders, not because he saw the error of his ways and turned over a new leaf. His conduct did not suggest that he would have stopped using the cards had the fraud not been discovered. In other words, the evidence does not support the contention that Harris had completed his offense volitionally. Harris cannot demonstrate error, plain or otherwise. *See United States v. Puckett*, 129 S. Ct. 1423, 1329 (2009).

AFFIRMED.