# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60914
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2014

Lyle W. Cayce
Clerk

DEMETRIUS S. RANKIN

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; JOHN ARTHUR MEYNARDIE, Assistant
United States Attorney; JASON SCOTT GILBERT, Assistant United States
Attorney; JOHN GAFFNEY, Federal Bureau of Investigation; JAMES D.
MASSEY, Federal Bureau of Investigation; JOSEPH W. NICHOLSON,
Federal Bureau of Investigation; TOWANNA R. JOHNSON, Federal Bureau
of Investigation; JEROME LORAINE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-278

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Demetrius S. Rankin filed suit under the Federal Tort Claims Act and
*Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971) against the United
States and multiple individuals.   The district court granted summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-60914

judgment in favor of the defendants, finding that the FTCA claims were barred by sovereign immunity and that the *Bivens* claims were time-barred. We AFFIRM the dismissal, VACATE the final order of dismissal, and REMAND to the district court for entry of an order of dismissal without prejudice.

## PROCEDURAL HISTORY

On September 19, 2006, Demetrius S. Rankin pled guilty to one count of possession of a controlled substance and to one count alleging criminal forfeiture of property. *United States v. Rankin*, 480 F. App'x 750, 751 (5th Cir. 2010). The government had seized over $20,000 in cash, vehicles, and home electronics after his arrest. The plea agreement provided that the property to be forfeited under the criminal forfeiture would be negotiated by the parties prior to sentencing and, if the parties could not agree, the issue would be submitted to the court for resolution. Despite the agreement, the administrative forfeiture proceeding went forward and Rankin made no claim in that proceeding, or in conjunction with his April 2007 sentencing. In October 2008, the government filed a motion to dismiss the criminal forfeiture from the indictment because it had already been forfeited administratively. The motion was granted.

In 2010, Rankin obtained leave to file an out-of-time appeal of his conviction. Rankin argued that the Government breached the plea agreement by failing to seek a hearing on the forfeiture. This court rejected his argument on plain error review, concluding that Rankin failed to show that he had any basis to avoid forfeiture of the property. *Rankin*, 480 F. App'x at 752. Rankin then filed this suit against the United States and multiple individuals alleging that federal agents illegally seized his property, negligently failed to seek a hearing on the property to be forfeited, submitted false affidavits regarding the administrative forfeiture, and breached the plea agreement by allowing the

2

administrative forfeiture and failing to advise the court of Rankin's cooperation at sentencing.

The Government filed a certification that all the individual defendants were acting at all relevant times within the scope of their employment with the federal government, meaning that Rankin's suit under the FTCA was against the United States rather than the individual defendants. The government moved for summary judgment. Rankin responded and filed a separate motion to set aside the FTCA certification.

The case was assigned to a magistrate judge who recommended denying Rankin's motion to set aside the certification and granting the government's motion for summary judgment. Rankin filed objections to the magistrate judge's report. The district court rejected the objections and adopted the magistrate judge's report and recommendation, denying Rankin's motion to set aside certification and granting the government's motion for summary judgment.

## STANDARD OF REVIEW

This court reviews dismissal for lack of subject matter jurisdiction de novo. *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010). A grant of summary judgment is also reviewed de novo, and is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009).

## DISCUSSION

1.    Denial of the Motion to Set Aside Certification.

Under the FTCA, a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). In this case the government certified that all the defendants were acting in the scope of their

employment.  Such certification is conclusive for the purposes of removal, 28 U.S.C. § 2679(d)(1), but not for the purposes of substituting the United States as defendant.  *Garcia v. United States*, 62 F3d 126, 127 (5th Cir. 1995) (en banc).  "[W]hether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred."  *Id.*  The plaintiff bears the burden of proof to show that the employee's conduct was not within the scope of employment.  *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995).

All of the relevant actions took place in Mississippi, and under Mississippi law courts consider whether the actions were done "in the course of and as a means to accomplishment of the purposes of the employment and therefore in furtherance of the master's business."  *Odier v. Sumrall*, 353 So. 2d 1370, 1372 (Miss. 1978);  *Paramenter v. J & B Enterprises, Inc.*, 99 So. 3d 207, 216 (Miss. App.), *cert. denied*, 98 So. 3d 1073 (2012).  "That an employee's acts are unauthorized does not necessarily place them outside the scope of employment if they are of the same general nature as the conduct authorized or incidental to that conduct."  *Adams v. Cinemark USA, Inc.*, 831 So. 2d 1156, 1159 (Miss. 2002).

Rankin argues that the government's certification should be set aside because the agents acted in excess of their authority by seizing his property without probable cause, turning it over to federal authorities without a court order, and causing his property to be administratively forfeited.  Acting in excess of authority, however, is not equivalent to acting outside the scope of employment.  Rankin was arrested for a drug offense, and his property was seized and administratively forfeited.  By statute, the Government may administratively forfeit conveyances used to transport or facilitate transport, sale, receipt, possession, or concealment of, inter alia, controlled substances, as well as money or other things of value furnished in exchange for a controlled

substance, proceeds traceable to such an exchange and money used to facilitate a drug violation.  21 U.S.C. § 881(a)(1), (6).  On the basis of that statute, the federal agents involved in the seizure and forfeiture of Rankin's property were acting in furtherance of the business of the United States, in other words, within the scope of their employment.  The motion to set aside the government's certification was properly denied.

2.    FTCA Claims.

A.    Wrongful Seizure and Forfeiture.

The United States is immune from suit as a sovereign absent a waiver. *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001).  The FTCA provides a waiver of sovereign immunity for tort claims against the United States, 28 U.S.C. § 2674, but the waiver does not apply to any claim regarding the "detention of goods or merchandise by any officer of customs or excise or any other law-enforcement officer."  The waiver *does* apply, however, if four conditions are met: (1) the property was seized for the purpose of forfeiture under any provision of federal law allowing forfeiture *other than* as a sentence imposed for conviction of a crime; (2) the property was not forfeited; (3) the interest of the claimant was not remitted or mitigated; and (4) the claimant was not convicted of a crime for which his interest in the property was subject to forfeiture under federal criminal laws.  28 U.S.C. § 2680(c) (emphasis added).

Rankin was convicted of a drug charge under 21 U.S.C. § 841, which subjected his property to criminal forfeiture under 21 U.S.C. § 853.  Although the property was administratively forfeited, it was subject to federal criminal forfeiture laws, therefore Rankin cannot meet the fourth condition of § 2680(c).  Accordingly, the FTCA claims are jurisdictionally barred by sovereign immunity.

No. 12-60914

B.    Breach of Plea Agreement and Misrepresentations.

Rankin contends that the Assistant United States Attorneys named in this suit had a duty to seek only a criminal forfeiture and breached it by administratively forfeiting the property.  To the extent that these claims are based on the plea agreement, they are breach of contract claims that do not fall within the FTCA waiver for tort claims.  *See Davis v. United States*, 691 F.2d 53, 56 (5th Cir. 1991) (holding that claims founded upon an alleged failure to perform contractual obligations are not tort claims that support subject-matter jurisdiction under the FTCA).

Rankin asserts that his claim is for negligent failure to prevent the conversion of his property because the government failed to pursue criminal rather than administrative forfeiture.  This claim, in essence, is based upon the same acts as the wrongful seizure claims mentioned above, and is likewise barred by sovereign immunity.  *See* 28 U.S.C. § 2680(c).

C.    Dismissal with Prejudice.

Rankin contends that it was error to dismiss his FTCA claims with prejudice because a dismissal for lack of jurisdiction is not a determination on the merits.  Rankin is correct.  *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991).  Because the FTCA claims will be dismissed for lack of subject matter jurisdiction, we will vacate the order of the district court and remand for an entry of an order of dismissal without prejudice.

3.    *Bivens* Claims

A.    Claims Regarding Seizure.

There is no federal statute of limitations for a *Bivens* action, so federal courts apply the forum state's limitations period for personal injury claims. *Spotts*, 613 F.3d at 573.  In Mississippi, that period is three years.  Miss. Code. Ann. § 15-1-49; *Edmonds v. Oktibbeha Cty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012).  Federal law governs when a claim accrues, beginning when a "plaintiff

6

knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

Rankin claims his constitutional rights were violated by the agents who allegedly exceeded the scope of a search warrant when they seized his property on June 1, 2006. Rankin's counsel enrolled on June 12, 2006, and either received or sent copies of the warrant and seizure notification on June 15, 2006. Rankin was also sent notices both at his residence and the Harrison County Jail of the seizure and administrative forfeiture proceedings via certified mail in July 2006. Rankin does not contest the assertion that he knew his property had been seized as early as June 2006, therefore he had until June 2009 to file his *Bivens* action. Rankin's complaint was signed and dated on October 28, 2009. On its face, the complaint is untimely.

Rankin contends that the complaint should relate back to April 21, 2008, when he filed a Rule 41(e) motion for return of his property. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). In *Pena v. United States*, 157 F.3d 984 (5th Cir. 1998) the plaintiff filed a Rule 41 motion for the return of property seized from his home. The government responded that the property had been destroyed. Because the plaintiff was only then made aware that his property had been destroyed, the court found that the plaintiff could have amended his motion to state a *Bivens* claim.

*Pena* is distinguishable. While the plaintiff in *Pena* could not have known to seek monetary damages until the government disclosed the destruction of his property, Rankin knew of the seizure, and the forfeiture proceedings nearly two years before he filed his Rule 41(e) motion. *Pena* does not support Rankin's argument for relating his complaint back to the filing of his Rule 41 motion.

No. 12-60914

Rankin next argues that the statute of limitations should be equitably tolled because he and his counsel were misled by the government into believing that some of his property would be returned and that the government would forego any administrative forfeiture in return for his plea. While the statute of limitations for a *Bivens* action may be equitably tolled, equity does not favor Rankin. He knew of the facts underlying the alleged Fourth Amendment violations in June 2006, and the government sent him notices of the administrative forfeiture proceedings in July 2006. He does not explain how the government's actions prevented him from bringing a timely claim.

B.     Forfeiture Claims.

Rankin seeks relief under *Bivens* for the purportedly unconstitutional forfeiture of his property. Since *Bivens*, the Supreme Court has repeatedly rejected extending *Bivens* remedies to other constitutional claims. *Wilkie v. Robbins*, 551 U.S. 537, 549 (2007). To determine whether a *Bivens* remedy should be recognized, courts first look to whether "any alternative existing process for protecting the interest amounts to a convincing reason" to refrain from creating a new remedy. *Id.* Then, where no alternative exists, a court must still determine whether a remedy is appropriate paying heed to "any special factors counseling hesitation before authorizing a new kind of federal action." *Id.*

Here, the Civil Asset Forfeiture Reform Act (CAFRA) provides a comprehensive statutory scheme for challenging a civil forfeiture. CAFRA requires the government to send a written notice to interested parties 60 days after seizure of property, 18 U.S.C. § 983(a)(1)(A)(I), and any interested person may make a claim on the property. *Id.* § 983(a)(2)(A). If a claim is filed, the Government then has 90 days to seek civil forfeiture in a federal district court, obtain a criminal forfeiture indictment, or return the property. *Id.* § 983(a)(3)(A), (B). If the forfeiture proceedings move to court, counsel may be

8

No. 12-60914

appointed, and the Government bears the burden of proving that the property is subject to forfeiture. *Id.* § 983(b), (c). Because CAFRA provides a comprehensive scheme for protecting property interests, no *Bivens* claim is available. *See Bush v. Lucas*, 462 U.S. 367, 385-89 (1983); *Schweiker v. Chilicky*, 487 U.S. 412, 424-27 (1988).

4.    *Spears* Hearing and Leave to Amend.

Rankin's final argument is that it was error to fail to conduct a *Spears* hearing and to prohibit amending his complaint. In *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989), this court authorized district courts to hold an evidentiary hearing in civil rights cases by prisoners to "dig beneath" conclusory allegations and ascertain the scenario that the prisoner alleged occurred and the legal basis for the claims. Here, the factual and legal bases for Rankin's claims were sufficiently laid out in his complaint and amended complaint. The complaint was not dismissed as frivolous. No *Spears* hearing was necessary.

Similarly, the district court did not abuse its discretion when it denied Rankin leave to amend his complaint a second time. Although a court ordinarily should not dismiss a pro se complaint without giving the petitioner an opportunity to amend, leave to amend is not required if he has pleaded his best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Though Rankin lists additional facts he would have included in a second amended complaint, many of the assertions were made in his amended complaint, and he does not explain how any of the new facts would have affected the disposition of his claims. Amendment is not required if it would be futile. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

5.    Conclusion.

Accordingly, we AFFIRM the dismissal of this action, but we VACATE the final order of dismissal and REMAND to the district court for entry of an order of dismissal without prejudice.